IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSIE T. ROBINSON,
        Plaintiff,

v.

        Case No. 19-1260-JTM-GEB

CONCENTRIX,
*dba* CONVERGYS,
        Defendant.

---

JOSIE T. ROBINSON,
        Plaintiff,

v.

        Case No. 19-1305-JTM-GEB

METRO PCS,
*customer service representative*,
        Defendant.

**MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This matter is before the court on the Report and Recommendation (R&R) (19-1260 Dkt. 11; 19-1305 Dkt. 12) of Magistrate Judge Gwynne E. Birzer filed on March 20, 2020, which recommended that plaintiffs' motions for leave to proceed *in forma pauperis* in both matters be denied and that plaintiff's Complaint in both matters be dismissed. The R&R informed plaintiff that she could file written objections to the recommendations within 14 days of service, and that her failure to raise those objections timely would result in waiver of the right to appeal both factual and legal issues. (R&R, p. 15).

      The R&R was mailed to plaintiff by certified mail to the address on file with the court. The certified mail receipts show the R&R was delivered to that address and signed for on March 25,

2020. (19-1260 Dkt. 12; 19-1305 Dkt. 13). The court finds that plaintiff received the R&R and its contents and that she had notice of the potential effect of her failure to file timely written objections. To date, plaintiff has filed nothing in response to the R&R in either case.

The court has reviewed the R&R and finds that Magistrate Judge Birzer fully and accurately considered the allegations in plaintiff's Complaints (Dkts. 1) and the governing legal authorities. With respect to plaintiff's employment law claim against Concentrix, the court notes plaintiff's clear assertion to the court during a hearing on November 25, 2019 that she wished to withdraw the complaint. Even in the absence of that assertion, the court agrees with Judge Birzer that the Complaint in 19-1260 lacks the detail and factual support required by Fed. R. Civ. P. 8 despite plaintiff having a number of opportunities to provide that information, and that plaintiff's statements at the November 25, 2019 hearing actually contradict certain factual statements made in the Complaint.

With respect to plaintiff's claims against MetroPCS, the court agrees with Magistrate Judge Birzer's assessment that there is no federal subject matter jurisdiction over said claims pursuant to Fed. R. Civ. P. 12(h)(3) and that the Complaint fails to state a claim that can be granted pursuant to 28 U.S.C. § 1915(e)(2). As with her other Complaint, plaintiff was given a number of opportunities to rectify these deficiencies, including an opportunity at a hearing before Judge Birzer. Even at that hearing, plaintiff could not articulate why the statutes cited in her Complaint, 18 U.S.C. § 351(e) (providing penalties for assassinating, kidnapping, or assaulting members of Congress, the Supreme Court, and Cabinet officials) and K.S.A. 21-5413(a) (state law battery) would confer jurisdiction upon this court or why the conduct complained of in the Complaint would have violated plaintiff's federally-protected civil rights.

Magistrate Judge Birzer is correct that both Complaints must be dismissed. The court therefore adopts the R&R in its entirety and dismisses plaintiffs' Complaints for the detailed reasons set forth in the R&R. Further, the court agrees with Magistrate Judge Birzer's recommendations concerning plaintiff's motions for leave to proceed in forma pauperis and denies both motions for the reasons set forth in the R&R.

IT IS THEREFORE ORDERED that:

a) plaintiff's motions for leave to proceed *in forma pauperis* (19-1260 Dkt. 3; 19-1305 Dkt. 3) are DENIED;

b) plaintiff's Complaints (19-1260 Dkt. 1; 19-1305 Dkt. 1) are hereby dismissed without prejudice.

IT IS SO ORDERED this 14th day of April, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT JUDGE